Good morning. My name is Richard Levine. I'm an attorney at the law firm of Silverhat and Silver Wexner and Levine. We represent Appellant Los Angeles Police Protective League, and I'd like to reserve approximately five minutes for rebuttal. As the Court is aware, this case arises from the adoption by the City of Los Angeles of an extensive, detailed, and highly personal financial information that will be adopted in terms of a special order by the Department if injunctive relief is not continued in this case. Well, that has its roots in the consent decree. The financial disclosure? Yes. There is a paragraph 132 of the consent decree as to financial disclosure, but the paragraph 132 does not set forth the means to accomplish financial disclosure and the procedure, only that there should be financial disclosure. Isn't that up to the judge who's overseeing the consent decree? Once again, the means to implement paragraph 132 in the League's opinion is a matter for the city to develop subject to compliance with state and federal laws. And the judge approved the procedure. No, there was ñ in this case, the city formulated a special order that's subject to this lawsuit. It did so without any prior approval or adoption of the district court judge who oversees the consent decree. Well, then they went to the district judge, right, on this? No, they did not. They didn't go to the district judge. The reason that this matter ended up in district court is because the League filed an action based on state cause of action in federal court, or rather in state court, and then it was removed to federal court. Not before the district judge, that's what I'm saying. The consent decree. Part of this issue was before Judge Feese. The issue of 132 was absolutely before Judge Feese, but there was no prior approval by Judge Feese of the special order that's being contested in this case, Your Honor. Counsel, before you move on with your argument, I understand that the primary focus of your jurisdictional argument is on an appeal from the denial of a preliminary injunction, and I certainly understand that there are circumstances under which a preliminary injunction does not either grant or denial of it, doesn't dispose of the case, that there's much, much more to do. On the other hand, there are situations in which the preliminary injunction, in effect, does dispose of the case because it addresses all the issues and there's nothing left to do. Is it your contention that in this case there's further discovery, there's further arguments, there are further matters to be done in support of some permanent injunction, or is it your view that, in effect, all your eggs were in one basket and when the court denied the preliminary injunction, it, in effect, decided the case? No, I don't believe that the case has reached its conclusion. It is true that in district court the league submitted a considerable amount of evidence in terms of less intrusive means to accomplish the goal of prevention or detection of financial corruption. The police department. But certainly it was looking forward to a full trial in the merits to establish or develop that there are other less intrusive means in the special order to do so. And what was very disturbing in terms of the lower court proceeding is that the district judge concluded that there are, that there do not exist any less intrusive effective means to implement paragraph 132 of the consent decree, which, after all, is merely a three-sentence provision. And we thought that that presumption by the lower court certainly deprived the league in going forward and undertaking discovery, securing experts, deposing the department's experts for developing the special order. But the lower court judge found that no other less intrusive means exist. Well, that was what prompted my question. It just occurred to me that given that conclusion, the case was really over, and that we really are dealing with a final judgment, even though it is not in form of final judgment. Well, you know, obviously our understanding was that the hearing was just on a preliminary injunction. It wasn't a trial in the merits. And the evidence that we submitted was based on declarations as opposed to live testimony and without the ability to cross-examine the declarants for the city. What are you arguing? Are you arguing that the district court must apply the law, use the wrong standard, or just that the record suggests the district court should have granted a preliminary injunction? Here our standard of review is very deferential on preliminary injunctions. What are you arguing? We believe that the lower court views its discretion by the state district court. The district court views its discretion where it did not, where its findings were not based on the record in the case. As I indicated, the league introduced various less intrusive means to achieve financial disclosure under Paragraph 132. The court summarily rejected each and every one of those less intrusive means and instead supplanted his own opinion that the only effective means of achieving financial disclosure was the special order adopted by the city, which, as I indicated before, wasn't even the product of the district court's promulgation, nor was it the result of the U.S. Attorney's Office promulgation. And so we do feel, based on that, that the court's finding was not supported by the evidence that was introduced in the record. Well, you know, we have language in one of our cases which states, we hold that where necessary procedural provisions are absent from a consent decree, the supervising court has wide discretion to amend the decree to include whatever procedures are required for a sufficient operation. So the judge administering and presiding over the consent decree has wide discretion when it comes to procedures that the judge believes are required for the efficient operation of the decree. He's the one that's overseeing this, right? He's the one that's overseeing it for years. He's been overseeing it. Years and years and years. But the lower court has stopped short of actually devising a particular financial disclosure policy and left that up to the city, subject to meeting, conferring, and subject to adhering to. Following up on Judge Craigerson's, because I think his point is going directly to your point. If that is correct, wouldn't there be a danger, if you proceeded in state court, that a policy would be, in effect, adopted or established in connection with equitable proceedings in the state court that would not be acceptable to Judge Freese in the threshold case, and that the financial disclosure provisions, whatever they might be, that came out of state court would simply be rejected in federal court as implementation of 132. So in order to avoid that kind of conflict, that kind of spinning of wheels, that kind of unnecessary expense, isn't it best to have both cases in federal court so that Judge Freese, in interpreting paragraph 132, can come to some closure? If I can respond to that. The underlying lawsuit that we're dealing with did not ask the Superior Court to formulate another special order. It was simply to determine, a judicial declaration, whether or not the special order adopted by the city was contrary or violated state statutes or a state constitution. It did not ask for any sort of other equitable remedy by the court, such as to devise a new program. I think that the logical or anticipated scenario would be, if we did prevail in state court, the court would only decide that that particular special order did run afoul, let's say, of the state constitution right of privacy. What would prevent your opponent, assuming for the moment the case went to judgment in state court, and assume for the moment you correctly predicted what would happen in state court, what would prevent the city from then going back to federal court in the original case and simply presenting that special order as a reasonable implementation of 132, and Judge Freese from saying, yes, it is a reasonable interpretation of 132, and I adopt it, even though the state court said that it might, subject to the supremacy clause, violate state law? Why wouldn't you just have two courts spinning wheels? Well, what's interesting in this case is that the city went ahead and unilaterally implemented the special order without first getting approval of lower court. Well, why does it have to do that? It is a provision that 133, the judge in this consent decree, where am I wrong about this? Which is the provision that requires the city to come up or the city to come up with the procedure to implement 132. It's in here somewhere. You know, this is a long consent decree. It's what, 80 pages? As far as I'm aware, Your Honor, I'm not aware of a specific paragraph dealing with the implementation of paragraph 132. Here's what 132 says. The LAPD shall require regular and periodic financial disclosures by all LAPD officers and other LAPD employees who routinely handle valuable contraband or cash. Contraband, that includes a wide range of substances. All right? That's right. Yeah, drugs and all kinds of things. The LAPD shall periodically audit a random sample of such disclosures to ensure their accuracy. When necessary, the LAPD shall require the necessary waivers from such officers when necessary. All right. So then the LAPD and the city officials, so they come up with this financial disclosure idea for officers who handle valuable contraband or cash, because that was a big problem in the case, right? And that's why this whole lawsuit started. I would respectfully take issue with that. Take issue with what? In terms of what the reason was for the U.S. Department of Justice filing a civil rights action against the Los Angeles Police Department. I haven't even touched on that. Okay. So now he, Judge Fease, is administering this decree. All right. He decides, ultimately, he's got the final authority to say what procedures are needed to implement this consent decree. It's got to work that way. You can't have, this is a federal consent decree. You can't have the states coming in and overruling what the judge does or coming up with an order saying, well, this is what the procedure ought to be. It's not for them to say. It's for him to say. Right. He's running things. Right. But what the record reflects is when the U.S. Department of Justice and the city of Los Angeles sought to modify the language of 132. This would have been in March of 2006. Judge Fease did not mandate what form the implementation procedure will be. Once again, he left it to the parties. And as the justices could see. But he did reject the stipulated proposal that was presented to him. He did. But he was not presented the special order that's the subject of this lawsuit. He had no idea as, based on what the proposed amendment was of 132, as to the extensiveness of the special order, issues about the retention, issues about safeguards of records, issues about stigma to officers if either they declined to provide financial disclosure or what would happen by a negative analysis of their financial condition and how that would affect their career opportunities there and the ramifications on certain Brady issues and certain Pitchess issues. Would you agree that if the city had presented its special order to Judge Fease as an implementation of 132, he could have considered it and adopted it? Would he have had the jurisdiction to do so? Yes. Yes, I believe he would have. Well, if there are problems, procedural problems that arise in the future, there certainly isn't anything that would stop your client from coming in and saying, Judge, you know, we have a problem here, and this information is confidential, and we need to set up a procedure to keep it that way. He could do that. All right? He would have the jurisdiction to say yes. You can go back and ask him that if you're worried about that. Okay? Okay? So your time's up. And all right, let's see what the other side says. Good morning. May it please the Court, Deputy City Attorney Beth Orejana on behalf of the City of Los Angeles. May I ask you the same question I just asked your colleague? Is it your position that regardless of whatever a state court might say with respect to state law, that the city could have submitted a special order to Judge Freese in the original case as a proposed implementation of 132 in light of his rejection of the prior stipulation? Yes, that's true. The city could have done that. Plaintiffs, unfortunately, filed a lawsuit too quickly thereafter. The City Council, I'm sorry, the Police Commission approved the special order. But, yes, the consent decree specifically provides when the city adopts these measures to implement various paragraphs of the consent decree, that there is an opportunity to present those to the court. There's a period of time before the city is allowed to implement those measures so that they can be flushed out in front of the court to decide, does it meet the objectives of the consent decree? That process was abandoned here when plaintiffs went to state court to file the lawsuit in this matter. This is a matter of information for me. Are the officers who were subject to this special order previously disclosed the same or similar financial information because they were applicants to the LAPD? They provided more information when they were applicants to the LAPD. The background investigation for a Los Angeles police officer is quite extensive. When they apply, they must fill out a lot of financial disclosure forms that ask for account numbers. They ask for specific amounts that are in deposit, specific amounts when it comes to liability. It's a much more extensive process. They have to provide the credit report so that the information can be verified. In this case, we're asking these officers who are seeking assignments to units that deal regularly with contraband, drugs, property, cash, to provide us a baseline of information. They have to give us a bracket of information. Do you have in your bank account, for example, $100,000 to $150,000? So we're not even asking for specific amounts. We're just wanting to get a baseline understanding of what this officer's assets and liabilities are, other sources of income, so that the department can then measure that against anything that should come to their attention that looks suspicious, inappropriate, possible misconduct. So that really goes to their expectation of privacy. They've already disclosed a lot before they are accepted on the force. Right, but there's nothing that says you will no longer be asked this information in the future. Right. And so, therefore, they have a diminished expectation of privacy, particularly when the public, the citizens of Los Angeles, have a right to know what their public officials, what their public officers are doing. Do they have conflicts of interest? Are they susceptible to corruption? Are they engaged in corruption? A police officer is unique as compared to any other member of society. A police officer has the ability to deprive a person of their rights, of their freedoms, of their property, of their liberty. A police officer has the authority, has the ability to bring the weight of the government down on an individual, to bring the entire judicial process down to bear on an individual. That can forever alter a person's life. It can forever destroy families. The city has a right to look closely at those officers who are in positions where such corruption may in fact exist. They have a right to look at those officers a little more closely to see, are you engaged in corruption? Are you doing something to deprive the rights of the various people that you were sworn to protect? And that's what the city is doing in this case. It's meeting the expectations of the consent decree, and it's meeting the expectations of the public that it's trying to serve. With respect to the plaintiff's contention that. How about members of the city council? Do they provide financial disclosure information? Yes, and depending on what all public officials do, really, I myself have to do public financial disclosure. It's not even a confidential disclosure. Depending on where you're at within the city government depends on how extensive your disclosures must be. If you are an elected official, it's a very extensive process. Is this required once a year? Once a year, yes, and any changes in office. If you perhaps move to a different position, you're elected to a different seat, then you have to refill out those forms. And again, those become public. The public has a right to that information. In this case, these are confidential documents. How about the judges? The judges also fill out conflict of interest forms, absolutely. It's important for the judiciary to be transparent when it comes to deciding cases. Is there a conflict of interest on any of the cases that they're reaching and rendering decisions? Because, once again, judicial officers, much the same as a police officer, can affect people's lives. They can change the course. Federal judges have to do the same, so. And our wives have to do the same. Absolutely, and this is a common practice throughout the United States. The New York Police Department and New York Fire Department also request these types of information and, in fact, take it a step further to make that information public because of the corruption that they've had in the past in the various types of assignments that the Los Angeles Police Department is trying to monitor. Public school officials also have to make similar disclosures in New York. Again, to the public, not even a confidential disclosure. How about the sheriffs? The Los Angeles Sheriff's Department, I do not believe, has such a disclosure requirement for incumbent officers. It's a part of their background investigation. So, and, you know, obviously that's something that they would be subject to change should a federal consent decree come their way. But, certainly, this is a practice that the Los Angeles Police Department fully supports. It's a practice that will stay in place even when the consent decree expires. So it's a best practices. It serves to meet the expectations of the public, and that's why the City of Los Angeles is trying to comply with those expectations and requirements. Okay, thank you very much. Any rebuttal? Yes, very quickly. The League, once again, does not contest the right under the consent decree to achieve some sort of program that prevents or detects financial corruption. Once again, this case is about the means to do so. Under Hill v. NCAA, there was clearly the obligation to determine, even assuming there are legitimate governmental interests, that the court is obligated to determine whether or not there's a less intrusive means to accomplish that goal. Secondly, the courts do hold, both the California courts as well as the federal courts, dealing with federal constitutional right of informational privacy, that there have to be explicit written and binding safeguards to ensure that there's not unnecessary or unauthorized disclosure. In our brief, we set forth the ways in which we believe that the special order does not contain appropriate safeguards, or is in conflict with the 11th hour declarations filed by the city with respect to access, retention, or release of records. And we believe that, whether it's federal or state court, those are obligations and rights that these employees are entitled to a determination of. As I mentioned earlier, there's no reason why you can't go back to Judge Fease and point out these problems and suggest changes in the procedure. We could, and that's what we believe that would lie ahead for us. Why don't you just do it? Well, the reason we're actually here in Federal Circuit Court is because the temporary restraining order was dissolved, and the city was going to go forward implementing the special order prior to a trial on the merits of this case, in which we could fully develop whether or not there are less intrusive means, whether or not safeguards were, as the Hilvers NCAA case talks about, slipshod, whether under the Fraternal Order of Police Philadelphia case, whether or not there really was lack of explicit binding safeguards. And we believe that would be what would be involved if the matter went to trial, when the court dissolved the temporary restraining order, and our employees were threatened with the immediate application of the special order, which we did feel violated their privacy rights or exposed them to unnecessary disclosure or would have created career stigma if they didn't fill out the disclosure forms or if they're subject to a negative analysis of the financial disclosure form, that that would be irreparable harm. And if the stay that's been issued by this court is dissolved, then the special order will take effect without my clients having the opportunity to proceed to trial. And as I indicated in the briefs, this consent decree was promulgated in 2001. The city waited until six years later to adopt a special order, and then it delayed it six months thereafter, and there's no indication in the record that the issue of financial, that there's any issue of financial corruption under the current administration of the Los Angeles Police Department. Thank you very much. All right. We'll call the next matter. This matter is submitted. Call the next matter, CS versus California Office of Administrative Hearings. Thank you.
judges: Pregerson, Nelson, Singleton